## Ex Parte Carrasquillo.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 51.—Resuelto en Junio 5, 1904.

DOMINIO.—Los propietarios que tuvieren escritura pública creditiva del dominio de una finca á su favor, no pueden acogerse al procedimiento ó información que establece el artículo 395 de la Ley Hipotecaria para los que carecieren de título de dominio escrito.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de Humacao por Don Domingo Carrasquillo y Ortiz sobre declaratoria de dominio de dos fincas rústicas, pendientes ante Nos á virtud de apelación interpuesta por la representación del promovente contra la sentencia dictada por el referido Tribunal de Distrito, la que copiada á la letra dice así:

*Sentencia.*—En Humacao á quince de Mayo de mil novecientos tres, en el expediente promovido por el Licenciado Don Luis Muñoz Morales en representación de Domingo Carrasquillo Ortiz, mayor de edad, casado, propietario y vecino de Cayey, sobre declaratoria de dominio de varias fincas rústicas.

1. *Resultando*: que en diez y nueve de Diciembre último el Letrado Don Luis Muñoz Morales en representación de Domingo Carrasquillo Ortiz presentó escrito á esta Corte solicitando que se declarara á favor de su representado el dominio de las fincas siguientes: un prédio sin nombre, radicado en el barrio del Rincon, término municipal de Cayey, compuesto de diez y medias cuerdas, equivalentes á cuatro hectáreas, doce áreas, sesenta y nueve centiáreas de terreno, colindantes por el Norte y Este con terrenos de Doña Dolores Morales viuda de Muñoz, Al Sur los de José Calderet y otros de Pablo Giol, y al Oeste, otros del Sr. Carrasquillo y otro predio en el mismo barrio y término, compuesto de siete cuerdas cuarenta y seis centavos de terreno, equivalentes á dos hectáreas, ochenta y ocho áreas, ochenta y siete centiáreas, colindantes por el Norte, Este y Oeste con la quebrada del barrio del Rincón y por el Sur con terrenos de Juan

Bautista Ravelo, cuyas fincas las adquirió sin cargas real alguna y por precio de doscientos cincuenta dollars por compra que hizo á Don José Calderet y Jou y á Don Apolinar Carrasquillo, según escrituras otorgadas ante el Notario de Cayey Sr. Muñoz Morales. cuyas copias acompaña, y para justificar los hechos expuestos, presentó las referidas copias de escrituras y ofreció prueba testifical.

2. *Resultando*: que admitida la solicitud del recurrente y declaradas pertinentes las pruebas que propuso, se dió traslado al Ministerio Fiscal y fueron citados los anteriores dueños de las fincas y los dueños colindantes y también fueron citados por edictos que se insertaron en la "Democracia" y por medio de edictos que se fijaron en los sitios públicos de Cayey las personas ignoradas á quienes pudiera perjudicar la inscripción de dominio pretendida por el actor.

3. *Resultando*: que los testigos Don Pedro Rodriguez Lopez y Don Joaquín Aponte Lopez propietarios, mayores de edad, y vecinos de Cayey, declararon que les constaba que dichas fincas las adquirió el promovente en la forma que expresa y desde la fecha de su adquisición las posee sin interrupción quieta y pacíficamente.

4. *Resultando*: que no se ha hecho oposición por persona alguna y que el Fiscal ha emitido dictámen favorable á la aprobación de este expediente. Siendo Ponente el Sr. Juez Asociado Don Charles E. Foote.

1. *Considerando*: que el beneficio ó recurso establecido por el artículo 395 de la Ley Hipotecaria, es para el caso de que el propietario carezca de título escrito, y habiéndose adquirido las fincas de autos por compra á varios, mediante escritura pública otorgada ante Notario competente, no puede el promovente acogerse á los beneficios del referido artículo.

*Fallamos*: declarando no haber lugar á declarar justificado el dominio de los bienes relacionados por medio de este expediente, con costas al actor.

Así definitivamente juzgando lo pronunciamos, mandamos y firmamos.''

*Resultando*: que contra esta sentencia interpuso apelación la representación del promovente, que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad, y personado el apelante, se dió al recurso la tramitación correspondiente, y se señaló día para la vista, á cuyo acto asistieron el abogado defensor de la parte ape-

lante y el Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Sarmiento.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

Visto el artículo 395 de la Ley Hipotecaria vigente.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada, con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

Dominio.—Los propietarios que tuvieren escritura pública creditiva del dominio de una finca á su favor, no pueden acogerse al procedimiento ó información de dominio que autoriza el artículo 395 de la Ley Hipotecaria, para los que carezcan de títulos escritos, ni pueden corregir por tal información los defectos de que adolezcan sus títulos, que deben subsanarse por los medios que la misma ley determina.

